IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DISABILITY RIGHTS MARYLAND, INC.,

*Plaintiff*,

v.

ROBERT L. GREEN, LYNDA M. BONIESKIE,
CAROLYN J. SCRUGGS, and WAYNE HILL

*Defendants*.

Civil Action No. 21-CV-02959

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**ANSWER TO AMENDED COMPLAINT**

Defendants Robert L. Green, Lynda M. Bonieskie, Carolyn J. Scruggs, and Wayne Hill,
through counsel, pursuant to Fed. R. Civ. P. 8(b) and (c), submit this Answer to Plaintiff's
Amended Complaint and state:

PRELIMINARY STATEMENT

1.      With regard to the allegations in the first sentence of Paragraph 1, Defendants admit
that Plaintiff purports to be an associational Plaintiff representing incarcerated persons with serious
mental illness in segregation, and Defendants admit that Plaintiff seeks relief as stated in the first
sentence of that Paragraph, but deny that Plaintiff is entitled to any relief. The remaining
allegations in Paragraph 1 are denied.

2.      Defendants admit that "segregation" may involve living in a cell 22 hours per day
or more, with or without a cellmate; however, Defendants maintain that the aforementioned
allegations do not constitute a violation of any constitutional right, the Americans with Disabilities

Act, or the Rehabilitation Act of 1973. The remaining allegations in the first sentence of Paragraph 2 are denied. The allegations in the second sentence of Paragraph 2 are admitted. The allegations in the third sentence of Paragraph 2 are denied. The remaining allegations in Paragraph 2 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 2 are denied and Plaintiff is put to its strict burden of proof thereon.

3.      Defendants deny the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants admit that ""disciplinary segregation" refers to segregation imposed for a period of time after an individual is found guilty of committing an infraction of institutional rules." Defendants deny that disciplinary segregation is "imposed… by Defendants…" Defendants admit the second sentence of Paragraph 5. The remaining allegations in Paragraph 5 are denied.

6.      Defendants admit that disciplinary segregation may be imposed independently of or in conjunction with revocation of earned credits or alternative disciplinary sanctions. The remaining allegations in Paragraph 6 are denied.

7.      Defendants admit the allegations in the first and second sentences of Paragraph 7; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. Defendants admit that "individuals in administrative segregation are allowed to keep more personal property in their cells than individuals in disciplinary segregation." The remaining allegations in Paragraph 7 are denied.

8.      Defendants admit the allegations in Paragraph 8 as to administrative segregation, but denied as to disciplinary segregation; however, Defendants maintain that the aforementioned

allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

9.    Defendants admit that Plaintiff met with Department of Public Safety and Correctional Services' officials on various occasions since 2016 and that Plaintiff provided information regarding its concerns regarding segregation for those with serious mental illness. The remaining allegations in Paragraph 9 are denied.

10.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10, and thus, no response is required. To the extent a response is deemed required, the allegations in first sentence of Paragraph 10 are denied and Plaintiff is put to its strict burden of proof thereon. Defendants admit that Plaintiff informed them of segregation practices from other jurisdictions for people with serious mental illness. The remaining allegations in Paragraph 10 are denied.

11.    The allegations in Paragraph 11 are denied.

12.    The allegations in Paragraph 12 are denied.

13.    Defendants admit that Plaintiff seeks relief in the instant action as it relates to correctional programs operated by Defendants at 12 state prisons and excludes Defendants' detention facilities, pre-release centers, and the Patuxent Institution, but Defendants deny that Plaintiff is entitled to any relief.

14.    Defendants admit that Plaintiff seeks relief as stated in Paragraph 14, deny that Plaintiff is entitled to any relief, and deny each allegation of unconstitutional conduct set forth in Paragraph 14.

## JURISDICTION AND VENUE

15.     The allegations in Paragraph 15 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 15 are denied and Plaintiff is put to its strict burden of proof thereon.

16.     The allegations in Paragraph 16 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 16 are denied and Plaintiff is put to its strict burden of proof thereon.

17.     The allegations in Paragraph 17 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 17 are denied and Plaintiff is put to its strict burden of proof thereon.

18.     The allegations in Paragraph 18 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 18 are denied and Plaintiff is put to its strict burden of proof thereon.

## PARTIES

19.     Defendants admit the allegations in the first sentence of Paragraph 19. The allegations in second and fourth sentences of Paragraph 19 consist of legal conclusions to which no response is required. Additionally, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence Paragraph 19, and thus, no response is required. To the extent a response is deemed required, the allegations in the second, third, and fourth sentences of Paragraph 19 are denied and Plaintiff is put to its strict burden of proof thereon.

20. The allegations in Paragraph 20 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 20 are denied and Plaintiff is put to its strict burden of proof thereon.

21. Defendants admit the allegations in the first and second sentences of Paragraph 21; the remaining allegations in Paragraph 21 are denied.

22. Defendants admit the allegations in the first and second sentences of Paragraph 22; the remaining allegations in Paragraph 22 are denied.

23. Defendants admit the allegations in the first and second sentences of Paragraph 23; the remaining allegations in Paragraph 23 are denied.

24. Defendants admit the allegations in the first, second, and third sentences of Paragraph 24; the remaining allegations in Paragraph 24 are denied.

25. The Court dismissed Defendant Maryland Department of Public Safety and Correctional Services ("DPSCS") from the instant action on September 2, 2022 (ECF No. 36). Accordingly, no response is required. To the extent a response is deemed required, Defendants admit that DPSCS operates 12 state prisons as well as detention facilities, pre-release centers, and the Patuxent Institution. The remaining allegations in Paragraph 20 are denied and Plaintiff is put to its strict burden of proof thereon.

FACTUAL ALLEGATIONS

26. With regard to the allegations in the first sentence of Paragraph 26, Defendants admit that they are aware of the individuals with serious mental illness in their custody. With regard to the allegations in the second sentence of Paragraph 26, Defendants admit that in certain circumstances, some individuals with serious mental illness are on disciplinary or administrative segregation and segregation may involve living in a cell 22 hours per day or more, with or without

a cellmate; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations in the second sentence of Paragraph 26 are denied. The allegations in the fourth, fifth, sixth, seventh, and eighth sentences are admitted as to those in administrative or disciplinary segregation; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations in Paragraph 26 are denied.

27.    The allegations in Paragraph 27 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

28. Defendants admit that individuals in segregation generally cannot work at prison jobs, attend congregate religious services, go to the gymnasium, or go to the dining hall; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations in Paragraph 28 are denied.

29.    The allegations in the first, second, third, and fourth sentences of Paragraph 29 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations in Paragraph 29 are denied.

30.    With regard to the allegations in the first sentence of Paragraph 30, Defendants admit that most segregation units are double-celled; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. Defendants deny the remaining allegations

in the first sentence of Paragraph 30. The remaining allegations in Paragraph 30 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 30 are denied and Plaintiff is put to its strict burden of proof thereon.

31.     The allegations in Paragraph 31 are admitted with the exception of the term "violence;" however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

32.     The allegations in Paragraph 32 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

33.     The allegations in the first sentence of Paragraph 33 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations in Paragraph 33 are denied.

34.     The allegations in Paragraph 34 are denied.

35.     The allegations in Paragraph 35 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

36.     The allegations in Paragraph 36 are denied.

37.     The allegations in the first and second sentences of Paragraph 37 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

The allegations in the third and fourth sentences of Paragraph 37 are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 37 given that Plaintiff has not provided Defendants with the identities of "T.H.", "D.Z.," or "A.G." To the extent a response is deemed required, the remaining allegations in Paragraph 37 are denied and Plaintiff is put to its strict burden of proof thereon.

38.     Defendants admit that recreation is offered and some individuals in segregation choose not to participate. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 38, and thus, no response is required. To the extent a response is deemed required, the remaining allegations of Paragraph 38 are denied and Plaintiff is put to its strict burden of proof thereon.

39.     Defendants admit that recreation time can be offered during the evening; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations of Paragraph 39 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the first sentence of Paragraph 39 are denied and Plaintiff is put to its strict burden of proof thereon.

40.     The allegations in Paragraph 40 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the American with Disabilities Act, or the Rehabilitation Act of 1973.

41.     Defendants admit that personal property can be limited in segregation; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations of Paragraph 41 are denied.

42. Defendants admit that special observation housing is utilized for individuals with serious mental illness who are deemed to be in crisis, at risk of self-harm, or a danger to others; the remaining allegations in Paragraph 42 are denied.

43. The allegations in the first sentence of Paragraph 43 are denied as it relates to disciplinary segregation. The remaining allegations in the first sentence and the third sentence of Paragraph 43 are admitted; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. Defendants admit that they altered their disciplinary rules, effective 2018, to reduce segregation time for specific disciplinary infractions. The remaining allegations in Paragraph 43 are denied.

44. The allegations in Paragraph 44 are denied.

45. The allegations in Paragraph 45 are denied.

46. Defendants deny that "good-time credits cannot be earned in segregation." Admitted that good-time credits "can be forfeited in disciplinary segregation" for violation of the rules of conduct after a hearing; however, Defendants maintain that the aforementioned allegations do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

47. To the extent the allegations in Paragraph 47 seek to paraphrase or characterize the contents of the document referenced, the document speaks for itself and Defendants deny the allegations in Paragraph 47 to the extent that they are inconsistent with that document.

48. The allegations in Paragraph 48 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in Paragraph 48 are denied and Plaintiff is put to its strict burden of proof thereon.

49. To the extent the allegations in Paragraph 49 seek to paraphrase or characterize the contents of the document referenced, the document speaks for itself and Defendants deny the allegations in Paragraph 49 to the extent that they are inconsistent with that document.

50. The allegations in the first sentence of Paragraph 50 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the first sentence of Paragraph 50 are denied and Plaintiff is put to its strict burden of proof thereon. Additionally, to the extent the remaining allegations in Paragraph 50 seek to paraphrase or characterize the contents of the documents referenced, the documents speak for themselves and Defendants deny the remaining allegations in Paragraph 50 to the extent that they are inconsistent with those documents.

51. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 51, and thus, no response is required. To the extent a response is deemed required, the allegations in first sentence of Paragraph 51 are denied and Plaintiff is put to its strict burden of proof thereon. The allegations in the second sentence of Paragraph 51 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the second sentence of Paragraph 51 are denied and Plaintiff is put to its strict burden of proof thereon.

52. The allegations in the first and second sentences of Paragraph 52 are denied. To the extent the remaining allegations in Paragraph 52 seek to paraphrase or characterize the contents of previous lawsuits, legislative hearings, and proposed legislative action (collectively, the "matters"), the matters speak for themselves and Defendants deny the allegations in Paragraph 52 to the extent that they are inconsistent with those matters.

53.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 given that Plaintiff has not provided Defendants with the identity of "A.T.," and thus, no response is required. To the extent a response is deemed required, the allegations in Paragraph 53 are denied and Plaintiff is put to its strict burden of proof thereon.

54.     The allegations in the first sentence of Paragraph 54 call for expert opinions, and thus, no response is required. Additionally, Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54 given that Plaintiff has not provided Defendants with the identity of "W.C.," and thus, no response is required. To the extent a response is deemed required, the allegations in Paragraph 54 are denied and Plaintiff is put to its strict burden of proof thereon.

55.   The allegations in Paragraph 55 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 55 are denied and Plaintiff is put to its strict burden of proof thereon.

56.   The allegations in Paragraph 56 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 56 are denied and Plaintiff is put to its strict burden of proof thereon.

57.   The allegations in Paragraph 57 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 57 are denied and Plaintiff is put to its strict burden of proof thereon.

58.     The allegations in the first sentence of Paragraph 58 consists of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in

the first sentence of Paragraph 58 are denied and Plaintiff is put to its strict burden of proof thereon. The remaining allegations of Paragraph 58 are denied.

59. The allegations in the first and second sentences of Paragraph 59 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in the first and second sentences of Paragraph 59 are denied and Plaintiff is put to its strict burden of proof thereon. The remaining allegations of Paragraph 59 are denied.

60. The allegations in Paragraph 60 are denied.

61. Defendants admit that they provide mental health rounds to individuals in segregation during which a mental health professional inquires about the status of individuals at their cells; however, Defendants deny any inference that no treatment is provided to individuals in segregation with serious mental illness. Defendants admit that the conversations that occur during mental health rounds can sometimes be in the presence of other individuals. The remainder of the allegations in Paragraph 61 are denied.

62. The allegations in the first and second sentences of Paragraph 62 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the first and second sentences of Paragraph 62 are denied and Plaintiff is put to its strict burden of proof thereon. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62 given that Plaintiff has not provided Defendants with the identities of "B.D.," "A.G.," or "C.C.," and thus, no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 62 are denied and Plaintiff is put to its strict burden of proof thereon.

63. The allegations in Paragraph 63 are denied.

64. The allegations in Paragraph 64 are denied.

65. The allegations in Paragraph 65 are denied.

66. The allegations in Paragraph 66 are denied.

67. The allegations in Paragraph 67 are denied.

68. The allegations in Paragraph 68 are denied.

69. The allegations in Paragraph 69 are denied.

70. Defendants admit that an appointment with psychology may be requested by an incarcerated individual by making a sick call request or upon referral from custody staff. The remaining allegations in Paragraph 70 are denied.

71. The allegations in Paragraph 71 are denied.

72. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and thus, no response is required. To the extent a response is deemed required, the allegations in Paragraph 72 are denied and Plaintiff is put to its strict burden of proof thereon.

73. The allegations in the first sentence of Paragraph 73 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the first sentence of Paragraph 73 are denied and Plaintiff is put to its strict burden of proof thereon. Defendants deny the remaining allegations in Paragraph 73.

74. The allegations in Paragraph 74 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in Paragraph 74 are denied and Plaintiff is put to its strict burden of proof thereon.

75. Defendants admit that there are vacancies in social work and/or psychology positions at their facilities; the remaining allegations in Paragraph 75 are denied.

76. The allegations in Paragraph 76 are admitted; however, Defendants deny the inference that DPSCS's facilities' psychology departments are the sole source of mental health treatment for those with serious mental illness.

77. Defendants admit that they provide direct mental health services to their facilities and also have a contract with a private for-profit company to deliver mental health services. The remaining allegations in Paragraph 77 are denied.

78. The allegations in the first sentence of Paragraph 78 are denied. To the extent the allegations in second and third sentences of Paragraph 78 seek to paraphrase or characterize the contents of the documents referenced, the documents speak for themselves and Defendants deny the allegations in second and third sentences of Paragraph 78 to the extent that they are inconsistent with those documents. Defendants deny the remaining allegations in Paragraph 78.

79. The allegations in Paragraph 79 are denied.

80. The allegations in Paragraph 80 are denied.

81. The allegations in the first sentence of Paragraph 81 are denied. To the extent the allegations in second sentence of Paragraph 81 seek to paraphrase or characterize the contents of the document referenced, the document speaks itself and Defendants deny the allegations in second sentence of Paragraph 81 to the extent that they are inconsistent with that document.

82. Defendants admit that individuals with serious mental illness in segregation receive psychiatric medication; the remaining allegations in Paragraph 82 are denied.

83. The allegations in the first sentence of Paragraph 83 are admitted. The allegations in the second sentence of Paragraph 83 are denied. Based on Defendants' belief as to the identity of E.B., the allegations in the third, fourth, and fifth sentences of Paragraph 83 are admitted. Based on Defendants' belief as to the identity of E.B., the allegations in the sixth sentence of Paragraph

83 are denied. Based on Defendants' belief as to the identity of E.B., the allegations in the seventh sentence of Paragraph 83 are admitted except that E.B. was placed in disciplinary segregation for a minor rule infraction. The remaining allegations in Paragraph 83 are denied.

84.     The allegations in Paragraph 84 are denied.

85.     The allegations in the first, second, and third sentences of Paragraph 85 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the first, second, and third sentences of Paragraph 85 are denied and Plaintiff is put to its strict burden of proof thereon. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 85 given that Plaintiff has not provided Defendants with the identities of "J.S." or "B.D.," and thus, no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 85 are denied and Plaintiff is put to its strict burden of proof thereon.

86.     The allegations in Paragraph 86 are denied.

87.     To the extent the allegations in the first, second, third, and fourth sentences of Paragraph 87 seek to paraphrase or characterize the contents of the document referenced, the document speaks for itself and Defendants deny the allegations in Paragraph 87 to the extent that they are inconsistent with that document. The remaining allegations in Paragraph 87 are denied.

88.     The allegations in Paragraph 88 are denied.

89.     The allegations in Paragraph 89 are denied.

90.     The allegations in Paragraph 90 are denied.

91.     The allegations in Paragraph 91 are denied.

92.     The allegations in Paragraph 92 are denied.

93.     The allegations in Paragraph 93 are denied.

94. The allegations in the first sentence of Paragraph 94 are denied. To the extent the remaining allegations in Paragraph 94 seek to paraphrase or characterize the contents of the documents referenced, the documents speak for themselves and Defendants deny the allegations in Paragraph 94 to the extent that they are inconsistent with those documents.

95. To the extent the allegations in Paragraph 95 seek to paraphrase or characterize reports and academic studies referenced, the reports and academic studies speak for themselves and Defendants deny the allegations in Paragraph 95 to the extent that they are inconsistent with those studies.

96. To the extent the allegations in Paragraph 96 seek to paraphrase or characterize the contents of the study referenced, the study speaks for itself and Defendants deny the allegations in Paragraph 96 to the extent that they are inconsistent with that study.

97. To the extent the allegations in Paragraph 97 seek to paraphrase or characterize the contents of the document referenced, the document speaks for itself and Defendants deny the allegations in Paragraph 97 to the extent that they are inconsistent with that document.

98. Admitted that Plaintiff provided information regarding the definition of "serious mental illness" to DPSCS officials. The remaining allegations in Paragraph 98 are denied.

99. The allegations in Paragraph 99 are denied.

100. The allegations in Paragraph 100 are denied.

101. The allegations in the first and second sentences of Paragraph 101 are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 101 given that Plaintiff has not provided Defendants with the identity of "L.P.," and thus, no response is required. To the extent a response is deemed required,

the remaining allegations in Paragraph 101 are denied and Plaintiff is put to its strict burden of proof thereon.

102.    The allegations in Paragraph 102 are denied.

103.    Defendants admit that Plaintiff submitted documentation to Defendants beginning in 2017; however, Defendants maintain that their practices do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. To the extent the remaining allegations in Paragraph 103 seek to paraphrase or characterize the contents of the documents referenced, the documents speak for themselves and Defendants deny the allegations in Paragraph 103 to the extent that they are inconsistent with those documents.

104.    Defendants admit that Plaintiff provided Defendants with the information, policies, and suggestions referenced in Paragraph 104; however, Defendants maintain that their practices do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973.

105.    Admitted that Defendants met with Plaintiff on several occasions; however, Defendants maintain that their practices do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. The remaining allegations in Paragraph 105 are denied.

106.    To the extent the allegations in Paragraph 106 seek to paraphrase or characterize the contents of the documents referenced, the documents speak for themselves and Defendants deny the remaining allegations in Paragraph 106 to the extent that they are inconsistent with those documents.

107. Defendants admit that they acknowledge the need for individualized accommodations and such accommodations are provided to individuals at their facilities as required by law. The remaining allegations in Paragraph 107 are denied.

108. Defendants admit the allegations in the first sentence of Paragraph 108; however, Defendants maintain that their practices do not constitute a violation of any constitutional right, the Americans with Disabilities Act, or the Rehabilitation Act of 1973. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and thus, no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 108 are denied and Plaintiff is put to its strict burden of proof thereon.

109. Defendants admit that Plaintiff has provided DPSCS with case precedent that it contends supports its position with regard to the effects of segregation of those with serious mental illness. To the extent the remaining allegations in Paragraph 109 seek to paraphrase or characterize the contents of the case precedent referenced, the case precedent speak for themselves and Defendants deny the remaining allegations in Paragraph 109 to the extent that they are inconsistent with such case precedent.

110. To the extent the allegations in Paragraph 110 seek to paraphrase or characterize the contents of the statements and documents referenced, the statements and documents speak for themselves and Defendants deny the allegations in Paragraph 110 to the extent that they are inconsistent with those statements and documents.

111. The allegations in the first sentence of Paragraph 111 call for expert opinions, and thus, no response is required. To the extent a response is deemed required, the allegations in the first sentence of Paragraph 111 are denied and Plaintiff is put to its strict burden of proof thereon.

To the extent the remaining allegations in Paragraph 111 seek to paraphrase or characterize the contents documents referenced, the documents speaks for itself and Defendants deny the remaining allegations in Paragraph 111 to the extent that they are inconsistent with that document.

112.    The allegations in Paragraph 112 are denied.

113.    The allegations in Paragraph 113 are denied.

114.    Defendants admit that they receive complaints from people in segregation through DPSCS' administrative grievance process. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 114 given that Plaintiff has not provided Defendants with the identities of the individuals with serious mental illness that have filed an administrative grievance, and thus, no response is required. To the extent a response is deemed required, the allegations in the second sentence of Paragraph 114 are denied and Plaintiff is put to its strict burden of proof thereon. The remaining allegations in Paragraph 114 are denied.

115.    Defendants admit that Plaintiff has no remedy at law to obtain relief in the instant action in that it does not have standing to bring suit. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 115 given that Plaintiff has not provided Defendants with the identities of the individuals with serious mental illness that have filed an administrative complaint, and thus, no response is required. To the extent a response is deemed required, the remaining allegations in Paragraph 115 are denied and Plaintiff is put to its strict burden of proof thereon.

116.    The allegations in Paragraph 116 are denied.

117.     The allegations in Paragraph 117 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 117 are denied and Plaintiff is put to its strict burden of proof thereon.

118.     The allegations in Paragraph 118 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 118 are denied and Plaintiff is put to its strict burden of proof thereon.

119.     The allegations in Paragraph 119 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 119 are denied and Plaintiff is put to its strict burden of proof thereon.

120.     The allegations in Paragraph 120 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 120 are denied and Plaintiff is put to its strict burden of proof thereon.

121.     The allegations in Paragraph 121 are denied.

122.     The allegations in Paragraph 122 are denied.

123.     The allegations in the first sentence in Paragraph 123 are denied.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 123 given that Plaintiff has not provided Defendants with the identity of "A.T.," and thus, no response is required. To the extent a response is deemed required, the remaining allegations of Paragraph 123 are denied and Plaintiff is put to its strict burden of proof thereon.

124.     The allegations in Paragraph 124 are denied.

125.     The allegations in the first, second, and third sentences of Paragraph 125 call for expert opinions, and thus, no response is required. To the extent a response is deemed required,

the allegations in the first, second, and third sentences of Paragraph 125 are denied and Plaintiff is put to its strict burden of proof thereon. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 125 given that Plaintiff has not provided Defendants with the identity of "D.S.," and thus, no response is required. To the extent a response is deemed required, the remaining allegations of Paragraph 125 are denied and Plaintiff is put to its strict burden of proof thereon.

126.    The allegations in Paragraph 126 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 126 are denied and Plaintiff is put to its strict burden of proof thereon.

127.    The allegations in Paragraph 127 are denied.

128.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences (including Footnote 2) of Paragraph 128 given that Plaintiff has not provided Defendants with the identities of "DRM's constituents" or "D.Z.," and thus, no response is required. To the extent a response is deemed required, the allegations in the first and second sentences of Paragraph 128 are denied and Plaintiff is put to its strict burden of proof thereon. The remaining allegations of Paragraph 128 are denied.

129.    The allegations in Paragraph 129 are denied.

130.    The allegations in the first, second, third, fourth, fifth, sixth, seventh, eighth, ninth, tenth sentences of Paragraph 130 are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 130 given that Plaintiff has not provided Defendants with the identity of "D.Z.," and thus, no response is required. To the extent a response is deemed required, the remaining allegations of Paragraph 130 are denied and Plaintiff is put to its strict burden of proof thereon.

131.    The allegations in the first and third sentences of Paragraph 131 are denied. The allegations in the second sentence of Paragraph 131 are admitted.

132.    The allegations in Paragraph 132 are denied.

133.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and thus, no response is required. To the extent a response is deemed required, the allegations in Paragraph 133 are denied and Plaintiff is put to its strict burden of proof thereon.

134.    Defendants admit that they have programs that provide accommodations/services for individuals with mental illness. The remaining allegations in Paragraph 134 are denied.

135.    Defendants admit the allegations in the first sentence of Paragraph 135, but deny that it occurred after consulting with DRM and that it applied to all forms of segregation. Defendants admit the allegations in the second sentence of Paragraph 135. Defendants deny the allegations in the third sentence of Paragraph 135

136.    The allegations in Paragraph 136 are denied.

137.    The allegations in Paragraph 137 are denied.

138.    The allegations in the first sentence of Paragraph 138 are admitted. The allegations in the second sentence of Paragraph 138 are denied.

139.    To the extent the allegations in Paragraph 139 seek to paraphrase or characterize the contents of the document referenced, the document speaks for itself and Defendants deny the allegations in Paragraph 139 to the extent that they are inconsistent with that document.

140.    The allegations in the first sentence of Paragraph 140 are denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 140, and thus, no response is required. To the extent a response is deemed

required, the remaining allegations of Paragraph 140 are denied and Plaintiff is put to its strict burden of proof thereon.

141. The allegations in Paragraph 141 are denied.

142. The allegations in Paragraph 142 are denied.

143. The allegations in the first sentence of Paragraph 143 are denied. To the extent the allegations in second, third, fourth, fifth, and sixth sentences of Paragraph 143 seek to paraphrase or characterize the contents of the data and documents referenced, the data and documents speak for themselves and Defendants deny the allegations in Paragraph 143 to the extent that they are inconsistent with the data and documents. The remaining allegations in Paragraph 143 are denied.

144. To the extent the allegations in Paragraph 144 seek to paraphrase or characterize the contents of the data and documents referenced, the data and documents speak for themselves and Defendants deny the allegations in Paragraph 144 to the extent that they are inconsistent with the referenced data and documents.

145. The allegations in Paragraph 145 are denied.

146. The allegations in Paragraph 146 are denied.

<u>CLAIMS FOR RELIEF</u>

**COUNT I**
**("Violation of the 8th and 14th Amendments of the United States Constitution; 42 U.S.C § 1983")**

147. Defendants incorporate by references their responses to Paragraphs 1 through 146 as if set forth fully herein.

148. The allegations in Paragraph 148 are denied.

149. The allegations in Paragraph 149 are denied.

150. The allegations in Paragraph 150 are denied.

151.    The allegations in Paragraph 151 are denied.

152.    The allegations in Paragraph 152 are denied.

## COUNT II
**("Violation of the 8th and 14th Amendments of the United States Constitution; 42 U.S.C § 1983")**

153.    Defendants incorporate by references their responses to Paragraphs 1 through 152 as if set forth fully herein.

154.    The allegations in Paragraph 154 are denied.

155.    The allegations in Paragraph 155 are denied.

156.    The allegations in Paragraph 156 are denied.

157.    The allegations in Paragraph 157 are denied.

## COUNT III
**("Violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132")**

158.    Defendants incorporate by references their responses to Paragraphs 1 through 157 as if set forth fully herein.

159.    The allegations in Paragraph 159 are denied.

160.    The allegations in Paragraph 160 are denied.

161.    The allegations in Paragraph 161 are denied.

162.    The allegations in Paragraph 162 are denied.

163.    The allegations in Paragraph 163 are denied.

164.    The allegations in Paragraph 164 are denied.

165.    The allegations in Paragraph 165 are denied.

## COUNT IV
### ("Violations of Section 504 of the Rehabilitation Act of 1973 29 U.S.C. § 794")

166.    Defendants incorporate by references their responses to Paragraphs 1 through 165 as if set forth fully herein.

167.    The allegations in Paragraph 167 consist of legal conclusions to which no response is required. To the extent a response is deemed required, the allegations in Paragraph 167 are denied and Plaintiff is put to its strict burden of proof thereon.

168.    The allegations in Paragraph 168 are admitted.

169.    The allegations in Paragraph 169 are denied.

170.    The allegations in Paragraph 170 are denied.

171.    The allegations in Paragraph 171 are denied.

172.    The allegations in Paragraph 172 are denied.

Defendants respectfully request that the Court deny Plaintiff's requests for declaratory and injunctive relief set forth at pp. 31-33 of the Amended Complaint.

## Affirmative Defenses

1.    The Amended Complaint fails to state a claim upon which relief may be granted.

2.    Plaintiff lacks standing to bring the instant action.

3.    Plaintiff's claims are barred by the Eleventh Amendment of the United States Constitution and sovereign immunity.

4.    Plaintiff's claims are barred by the applicable statute of limitations.

5.    Plaintiff's members/constituents failed to exhaust their administrative remedies as required by the Prison Litigation Act, 42 U.S.C. § 1997e.

Respectfully submitted,

BRIAN E. FROSH

Attorney General of Maryland


_____/s/_____
MICHAEL O. DOYLE
   Federal Bar No. 11291
michaelo.doyle@maryland.gov


_____/s/_____
SAMANTHA N. LEWIS
   Federal Bar No. 21318
samantha.lewis@maryland.gov

Assistant Attorneys General
Department of Public Safety and
   Correctional Services
6776 Reisterstown Road, Suite 311
Baltimore, Maryland 21215
Tel:  (410) 585-3070
Fax: (410) 484-5939

Attorneys for Defendants Robert Green,
Lynda Bonieskie, Carolyn Scruggs, and
Wayne Hill


## CERTIFICATE OF SERVICE

I hereby certify that on September 30, 2022, the foregoing Answer to Plaintiff's

Amended Complaint was served on counsel via CM/ECF.


_____/s/_____
SAMANTHA N. LEWIS